**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Cameco Technologies, LLC,                                                Case No.  14-30110

       Debtor,

       Small Business Case under Chapter 11

**CAMECO TECHNOLOGY, LLC'S**
**SECOND AMENDED PLAN OF REORGANIZATION**

**ARTICLE I**
**SUMMARY**

       This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Cameco Technology, LLC (the "Debtor") from operations and future income.

       This Plan provides for two classes of secured claims, five classes of unsecured claims and one class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions. This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Bankruptcy Code.

       All creditors and equity security holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney or if you do not have an attorney, you may wish to consult one.**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

    2.01    <u>Class 1.</u>    The secured claim of the Internal Revenue Service in the approximate amount of $22,884.73, to the extent allowed under §506 of the Code.

    2.02    <u>Class 2.</u>    The Secured Claim of On Deck Capital, Inc. in the approximate amount of $19,923.00.

    2.03    <u>Class 3.</u>    The Claim of World Business Lenders, LLC in the approximate amount of $76,638.00.

      2.04    <u>Class 4.</u>    The Claim of Rapid Financial Services, LLC in the approximate amount of $9,980.00.

      2.05    <u>Class 5.</u>    The Claim of Imperial Advance, Inc. in the approximate amount of $4,630.00.

      2.06    <u>Class 6.</u>    The Claim of Complete Business Solutions Group in the approximate amount of $4,559.00.

      2.07    <u>Class 7.</u>    All non-insider Unsecured Claims not entitled to priority and allowed under 11 U.S.C. §502 of the Bankruptcy Code.

      2.08    <u>Class 8.</u>    Equity Member interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

      3.01    <u>Unclassified Claims.</u>  Under 11 U.S.C. §1123 (a)(1), administrative expense claims, and priority tax claims are not classified.

      3.02    <u>Administrative Expense Claims.</u>  Each holder of an administrative expense claim allowed under 11 U.S.C. §503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates that unpaid administrative expense claims are unlikely to exceed $8,500.00. The Debtor borrowed $20,100.00 on May 16, 2014 and $8,000.00 on June 23, 2014 from Kabbage/Celtic Bank. The loan documents call for interest to accrue at the rate of 5% per annum and require the Debtor to pay each loan over the course of six (6) months from receipt of the loan proceeds in monthly payments as described on page 2 of the Kabbage Business Loan Agreements. The Debtor proposes to pay these loans in accordance with their terms and is separately seeking Court authorization to treat these Claims as Administrative Expense Claims. Each holder of an administrative expense claim that is contingent as of the Effective Date, and specifically including the National Labor Relations Board, will be paid in full within 5 calendar days after such claim is liquidated to a final judgment or agreed-upon settlement, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor, and without further order of the Court. On or before the Effective Date, the Debtor will place the amount of **$3,000.00** into an interest-bearing escrow account of a type agreeable to the Debtor and the National Labor Relations Board. Upon the National Labor Relations Board's written provision to the Debtor and the escrow agent of a final judgment or agreed-upon settlement in Case No. 18-CA-130071, the funds contained in the escrow account shall be released and paid over to the National Labor Relations Board up to the amount, if any, of the National Labor Relations Board's monetary judgment or settlement amount against the Debtor, and any remaining funds shall be paid over to the Debtor.

3.03   Priority Claims.  The Debtor does not believe that it owes any amounts to any creditor entitled to priority under 11 U.S.C. §507.  The Debtor does not believe there are any wage claims.  The Debtor does not believe there are any taxes owed (other than the Class 1 Claim described herein) that would entitle the taxing authority to priority under 11 U.S.C. §507.  In the event that there are unsecured priority tax creditors, those creditors will be paid in accordance with 11 U.S.C. §1129(a)(9)(C) of the Bankruptcy Code.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.  The Debtor will continue to file disbursement reports with the Office of the US Trustee while the bankruptcy case remains open.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Secured Claim of the Internal Revenue Service | Impaired | The Claimant is the Internal Revenue Service who holds secured claim in the approximate amount of $22,884.73.  Commencing on the Effective Date, the Debtor will make monthly payments to the IRS in the approximate amount of $487.47.  Interest will accrue at the rate of 3% per annum.  Please refer to the projections attached to the Debtor's Disclosure Statement.  The Claim will be paid in accordance with 11 U.S.C. §1129(a)(9)(c).  The IRS will retain its lien until completion of the payments under the Plan of Reorganization.  If the reorganized Debtor substantially defaults on any payments due to the IRS under this Plan of Reorganization, the entire tax balance owed to the IRS shall become due and payable immediately, and the IRS may proceed to collect any unpaid tax liabilities, after default, through administrative collection provisions of the Internal Revenue Code. |

3

| | | |
|---|---|---|
| Class 2 – Secured Claim of On Deck Capital, Inc. | Impaired | This Claim is the Secured Claim of On Deck Capital, Inc. in the approximate amount of $19,923.00. The creditor made a loan to the Debtor in January 2013 and filed a Financing Statement with the Minnesota Secretary of State in October 2012. The Class 2 creditor will receive monthly payments commencing in January 2015 in the amount of $415.00 per month until the Class 2 Claim is paid in full. |
| Class 3 – Claim of World Business Lenders, LLC | Impaired | This Claim is an alleged Secured Claim in the approximate amount of $76,638.00. The creditor made a loan to the Debtor in 2013. The Debtor will treat any balance due to this creditor as an unsecured Claim in Class 7. The Debtor will seek a determination through this Plan that the Class 2 creditor is an unsecured creditor pursuant to 11 U.S.C. §506. It is the Debtor's contention that the value of its assets are equal to or less than amounts owed to the Class 1 and Class 2 creditors, thereby rendering the Class 3 Claim an Unsecured Claim for purposes of this Bankruptcy Plan of Reorganization. The creditors filed a UCC-2 Financing Statement with the Minnesota Secretary of State in October 2013. The Class 3 creditor will receive payments along with other unsecured creditors as specified in Class 7. |
| Class 4 – Claim of Rapid Financial Services, LLC | Impaired | This Claim is an alleged Secured Claim in the approximate amount of $9,980.00. The creditor made a loan to the Debtor in August 2012. The Class 4 creditor didn't, while it may have obtained a security interest in assets of the Debtor, perfect its security interest by filing a UCC-1 Financing Statement with the Minnesota Secretary of State. The Debtor will treat any balance due to this creditor as an unsecured Claim in Class 7. The Debtor will seek a determination through this Plan that the Class 4 creditor is an unsecured creditor pursuant to 11 U.S.C. §506. It is the Debtor's contention that its assets are of a value that renders the Claim unsecured. The Class 4 creditor will receive payments along with other unsecured creditors as |

| | | |
|---|---|---|
| | | specified in Class 7. |
| Class 5 – Claim of Imperial Advance, Inc. | Impaired | This Claim is an alleged Secured Claim in the approximate amount of $4,630.00.  The creditor made a loan to the Debtor in September 2013.  While the Class 5 creditor may have obtained a security interest or lien in the assets of the Debtor, the Class 5 creditor did not perfect its security interest by filing a UCC-1 Financing Statement with the Minnesota Secretary of State.  The Debtor will treat any balance due to this creditor as an unsecured Claim in Class 7.  The Debtor will seek a determination through this Plan that the Class 5 creditor is an unsecured creditor pursuant to 11 U.S.C. §506.  It is the Debtor's contention that its assets are of a value that renders the Claim unsecured.  The Class 5 creditor will receive payments along with other unsecured creditors as specified in Class 7. |
| Class 6 – Claim of Complete Business Solutions Group | Impaired | This Class consists of the alleged Secured Claim of Complete Business Solutions Group in the approximate amount of $4,559.00.  The creditor advanced a loan to the Debtor in January 2014.  The creditor filed a UCC Financing Statement with the Minnesota Secretary of State.  The loan documents included the creditor's ability to deduct ACH payments from the Debtor's bank account on a daily basis.  Both prior to and subsequent to the filing of Chapter 11, the creditor deducted, without Bankruptcy Court authorization, payments from the Debtor's checking account.  Between January 14, 2014 and April 3, 2014 the Creditor was paid through ACH payments the sum of $21,051.00.  The original advance made by the Class 6 creditor was $18,832.00.  The Class 6 creditor contends that they are still entitled to a balance of $4,559.00.  The Debtor disputes that the Class 6 creditor has a Secured Claim.  The Debtor alleges that they have, at best, an unsecured claim pursuant to 11 U.S.C. §506.  The Debtor intends to file a Claim Objection with respect to the Claim.  To the extent any Claim is allowed, it will be treated as an unsecured claim and paid in |

| | | |
|---|---|---|
| | | accordance with the terms and the amounts payable to Class 7 creditors. |
| Class 7 – Unsecured Creditors | Impaired | The non-insider Unsecured Creditors of the Debtor, including all Claims in classes 3, 4, 5 and 6, total the sum of approximately $467,849.00. Commencing in January 2015, the Debtor will pay all unsecured claims 25% of each creditors claim. The payments will constitute full and final settlement and satisfaction of the allowed Claims. The Debtor will make 48 monthly payments in the amount of approximate amount of $2,333.00. No interest will accrue on the unpaid balance. The amount payable to the Class 7 creditors will be paid over a four (4) year period commencing in January of 2015 and concluding in December of 2018. |
| Class 8 – Equity Security Holders | Impaired | The Membership interests of the Debtor will be cancelled. Serge Ngouambe will acquire the total Membership interest in the Debtor in exchange for a capital contribution in the amount of $50,000.00. The capital contribution will be made subsequent to Court Confirmation of this Plan of Reorganization. |

Classes 1 through 8 are Impaired under this Plan and are entitled to vote for or reject the Plan.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim until such claim is allowed by a final non-appealable order.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

      (a)      The Debtor will assume its office and warehouse lease with Fifth Street Ventures, LLC.  The Debtor further assumes all insurance contracts presently in force and effect.

      (b)      The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The current Officer, Director and Shareholder of the Debtor is Serge Ngouambe.  Serge Ngouambe will remain an employee of the Debtor.  The Debtor intends to make payments required under the Plan from ongoing cash flow generated by continued operations.  The Debtor, Serge Ngouambe, intends to inject, as additional cash capital into the Debtor, the sum of $50,000.00.  Any questions regarding this Plan may be directed to the Debtor:  Cameco Technologies, LLC, 153 Thompson Avenue East, St. Paul, MN 55118, Attn:  Serge Ngouambe, Phone:  651-797-2225.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: **NONE.**

8.02    Effective Date.  The Effective Date of this Plan is the forty-fifth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.04    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05    All insider claims scheduled or otherwise, against the Debtor for monies owed Debtor are hereby subordinated until all payments described in this Plan are paid.

## ARTICLE IX

## DISCHARGE

9.01. <u>Discharge</u>. Subject to the terms of the Plan and on the date that the Order Confirming the Plan is entered, and pursuant to 11 U.S.C. §1141, the Debtor will be restored to full ownership of all property owned by the Debtor, all property of the Debtor's estate, and all property dealt with by the Plan. The property so vested in the Debtor will be free and clear of all claims, liens, encumbrances, charges and other interests of holders of claims or interests, except as otherwise specifically provided in the Plan.

Respectfully submitted,
Cameco Technologies, LC

Dated: August 27, 2014.                    By: _____
                                           Serge Ngouambe, President